

$400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kenneth McErlain<br>833 Washington Lane<br>Rydal, PA 19046<br>　　　　Plaintiff<br><br>　　v.<br><br>SPS Technologies<br>301 Highland Ave<br>Jenkintown, PA 19046<br><br>　　　　Defendant | Civil Action<br><br>COMPLAINT<br><br>JURY TRIAL<br>DEMANDED<br><br>**17   3034** |

## I. PRELIMINARY STATEMENT

1. Plaintiff, Kenneth McErlain (hereinafter "Plaintiff"), brings this action under the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act (PHRA), for discriminatory practices and retaliatory actions both during employment and upon termination of his employment. Plaintiff seeks equitable relief, compensatory and punitive damages, costs and attorney fees from Defendants.

## II. THE PARTIES

2. Plaintiff is an adult male 63-year-old individual, born November 19, 1953, and a citizen of the Commonwealth of Pennsylvania residing at the above-captioned address who was employed by Defendant SPS Technologies (hereinafter, "Defendant" or "SPS") in the Eastern District of Pennsylvania.

3. Upon information and belief, Defendant SPS is a Pennsylvania corporation, organized under the laws of the Commonwealth of Pennsylvania that has a primary place of business at 301 Highland Avenue, Jenkintown, PA 19046.

4. At all times material hereto, the conduct of Defendant as enumerated within this Complaint occurred within the Eastern District of Pennsylvania.

### III. JURISDICTION AND VENUE

5. Jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

7. At all times material hereto, Defendant SPS employed more than 500 employees.

8. At all times material hereto, Defendant SPS was an "employer" as defined by the ADEA, as amended.

9. At all times material hereto, Defendant SPS was an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 et seq.

10. At all times material hereto, Plaintiff was employed by Defendant SPS and assigned to work within the Eastern District of Pennsylvania.

11. Plaintiff has complied with all administrative and jurisdictional prerequisites and was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission, which Plaintiff received on June 5, 2017.

### IV. FACTUAL BACKGROUND

12. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

13. In February 1979, Plaintiff was offered and accepted the position of Machinist/Machine Operator.

14. Plaintiff held the position of Machinist/Machine Operator for his entire 37-year tenure as an employee for SPS.

15. In this position, by 2016, Plaintiff was paid by Defendant $72,000 annually.

16. From 1979 until his termination on March 21, 2016, Plaintiff excelled in his role for SPS.

17. During most of his tenure at SPS Plaintiff was treated fairly and had established good relationships with managers, supervisors and co-workers.

18. However, Plaintiff began to notice a change at approximately the time that he reached 60 years of age.

19. At that time, Plaintiff was the oldest person working in his department and on his shift.

20. After turning 60 years of age, Plaintiff noticed that his newly hired supervisor, James Little, began to single Plaintiff out for criticism for "performance" issues that he had not been criticized for in the past, and which "performance" issues were either not recognized or were not identified for criticism in others who were younger.

21. As a result of Defendant's increasing level of scrutiny and the increasing level of harassment that Plaintiff felt from his supervisor, in or about May 2014, Plaintiff filed a Charge of Discrimination based upon his age with the PHRC.

22. After filing the Charge of Discrimination, Plaintiff noted that the *overt* acts of bias and animus Little lessened, however Plaintiff continued to perceive that he was being singled-out and labeled as a trouble-maker by Little at every opportunity.

23. In late 2015 the PHRC concluded its investigation determining a lack of probable cause to proceed and providing Plaintiff with notice of his rights.

24. Very shortly after the statutory limitation period expired for Plaintiff to take further action with the PHRC, Defendant's and Little's animus and bias against Plaintiff were renewed and escalated rapidly.

25. Finally, in or about March 2016, Little confronted Plaintiff as he waited to clock into his shift and in a demeaning and belittling manner scolded Plaintiff, a machinist with more than 35 years of experience, for not wearing safety glasses while he waited to clock in to work.

26. Plaintiff had his safety glasses in his hands and, raising his voice over Little's scolding, he told Little to speak a little more respectfully.

27. Plaintiff avoided further confrontation by putting the safety glasses on and moving to another clock-in station to clock-in to work.

28. Shortly thereafter, on March 11, 2016, Little caused Plaintiff to be placed on unpaid suspension with an intent to ultimately terminate his employment.

29. On or about March 21, 2016, Plaintiff was terminated from his employment.

30. As a Machinist/Machine Operator with more than 37 years of experience in that position as an employee of Defendant, Plaintiff was qualified for his position as a Machinist/Machine Operator.

31. The person(s) who performed Plaintiff's job upon his termination were younger than Plaintiff.

32. Plaintiff's supervisor Little acted against Plaintiff in his job for Defendants because of his bias against Plaintiff's age and because he perceived Plaintiff to be a troublemaker

because Plaintiff asserted his rights under employment laws against age discrimination in employment.

33. Defendant permitted Little to act upon his animus and to harass and falsely label Plaintiff as a troublemaker for asserting his rights under employment anti-discrimination laws, and to ultimately suspend and terminate Plaintiff's employment.

## COUNT I
## THE PENNSYLVANIA HUMAN RELATIONS ACT

34. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

35. Defendant discrimination against Plaintiff because of his age by subjecting Plaintiff to a hostile work environment, harassment, retaliation, suspension without pay and termination from employment because of his age violated the Pennsylvania Human Relations Act, 43 P.S. §954, et seq.

36. Defendant discriminated against Plaintiff in the terms, conditions and privileges of his employment, as Defendant allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation in the course of Plaintiff's employment with SPS, as set forth above.

37. The conduct of Defendant in their treatment of Plaintiff in his employment, harassment, retaliation, suspension without pay, and termination of employment violated the Pennsylvania Human Relations Act, 43 P.S. §954, et seq., as Defendant's actions were based upon and because of Plaintiff's age and his assertions of his own and other's rights under the law.

**WHEREFORE**, Plaintiff, Kenneth McErlain, seeks a determination that Defendant violated the Pennsylvania Human Relations Act, 43 P.S. §954, et seq., and requests all damages

and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, et seq., including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such for his relief as this Court deems just and fair.

## COUNT II
## ADEA – AGE DISCRIMINATION

38. Plaintiff hereby incorporates as if restated at length all prior allegations.

39. Plaintiff is a member of a protected class because of his age, 64 years.

40. Plaintiff was treated by Defendant less favorably than his similarly situated younger co-workers in the terms and conditions of his employment and was ultimately suspended without pay and forced from his employment because of his age.

41. The actions taken by Defendant against Plaintiff are unlawful employment practices prohibited by ADEA.

42. The unlawful actions taken by Defendant against Plaintiff were taken in malicious, willful, wanton, reckless indifference to and reckless disregard of Plaintiff's rights guaranteed by ADEA.

43. As a direct, foreseeable and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff suffered injuries, damages and other losses, including but not limited to lost wages, bonuses and benefits of employment and suffered damage to his reputation and to his emotional state by causing anxiety, personal indignity, humiliation, embarrassment and emotional distress.

44. Plaintiff's injuries and damages continue into the present and will continue into the foreseeable future.

## COUNT III
## ADEA/PHRA – RETALIATION

45. Plaintiff hereby incorporates as if restated at length all prior allegations.

46. Plaintiff is a member of a protected class because he engaged in the protected activities on behalf of himself and of others in investigating, reporting, asserting rights and supporting the assertion of rights of others under ADEA, and the Pennsylvania Human Relations Act (PHRA).

47. Plaintiff was subjected to retaliation for engaging an attorney for the purpose of asserting his rights and other retaliatory conduct by Defendant because of his engagement in such protected activities as filing a Charge of Discrimination with the Pennsylvania Human Relations Commission (PHRC).

48. Plaintiff was subjected to harassment and humiliation and falsely identified as a troublemaker at work in his employment by Defendant because of his engagement in protected activities.

49. Plaintiff was treated by Defendant less favorably than his similarly situated co-workers in the terms and conditions of his employment; was eventually targeted and suspended and terminated from his employment by Defendant.

50. The actions taken by Defendant against Plaintiff are unlawful employment practices prohibited by the ADEA and the PHRA.

51. The unlawful actions taken by Defendant against Plaintiff were taken in malicious, willful, wanton, reckless indifference to and reckless disregard of Plaintiff's rights guaranteed by the ADEA and the PHRA.

52. As a direct, foreseeable and proximate result of Defendant's unlawful retaliatory conduct, Plaintiff suffered injuries, damages and other losses, including but not limited to lost

wages, commissions, bonuses and other compensation, as well as other benefits of employment, including such damages for lost prospective employment opportunities, and for damages to his reputation, and for anxiety, personal indignity, humiliation, embarrassment, depression and emotional distress.

53. Plaintiff's injuries and damages continue into the present and will continue into the foreseeable future.

**WHEREFORE;** Plaintiff respectfully requests that this Court enter judgment against Defendant on Counts I through III for:

- **A.** Declaratory judgment that the practices complained of are unlawful and in violation of ADEA and PHRA;
- **B.** Grant all injunctive relief necessary to bring Defendant into compliance with relevant law and regulation;
- **C.** Order Defendant to pay all wages, salary, bonuses, benefits and other compensation denied or lost to Plaintiff because Defendant's unlawful actions, including but not limited to back-pay and front-pay in amounts determined at trial;
- **D.** Order Defendant to pay compensatory damages for Plaintiff's emotional pain, suffering, distress, and damage to his reputation and dignity;
- **E.** Order Defendant to pay exemplary and punitive damages;
- **F.** Order Defendant to pay Plaintiff's attorney's fees and other fees and costs of this action:
- **G.** Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest, and;

H.  Grant any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: July 7, 2017

Respectfully submitted,

Robert C. Drake, Esquire
JACOBS KIVITZ & DRAKE LLC
1525 Locust St., 12th Floor
Philadelphia, PA 19102
(215) 732-7027
rdrake@jacobs-kivitz-drake.com